# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS KAMBER,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 1:19-cv-00899-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS<br><br>(ECF No. 6) |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

Petitioner is currently incarcerated at the Taft Correctional Institution, serving a 150-month term of imprisonment. (ECF No. 1 at 2).[1] In 2016, Petitioner filed a habeas petition in which he "sought to apply jail custody credit to his federal sentence from his date of arrest on June 26, 2009 through August 13, 2009 for a total of forty-nine additional days of custody credit." (Id. at 3). The United States District Court for the Western District of Oklahoma dismissed the petition in light of the declaration of a management analyst for the Federal Bureau of Prisons ("BOP") showing that the BOP granted Petitioner the additional forty-nine days of

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

custody credit and that Petitioner's projected release date changed from June 22, 2020 to May 14, 2020. (ECF No. 1 at 3, 12–15).

On July 1, 2019, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner asserts that almost three years after the custody credit issue had been resolved, Petitioner's projected release date has reverted back to June 22, 2020. (Id. at 4). On September 3, 2019, Respondent filed a motion to dismiss the petition as moot. (ECF No. 6). Petitioner has not filed any opposition or statement of non-opposition, and the time for doing so has passed.

## II.
## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and *likely to be redressed by a favorable judicial decision*.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (emphasis added) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner requests that the forty-nine days of custody credit be restored. (ECF No. 1 at 6). Respondent has submitted a BOP computation data report, dated August 13, 2019, that states: "JAIL CREDIT ADDED FOR 06-26-09 TO 08-13-09. ***CREDIT NOT TO BE REMOVED, PREVIOUSLY AWARDED AFTER REVIEW FOR LITIGATION . . ." (ECF No. 6 at 5, 7). Given that Petitioner has received the remedy he requested in his petition, the Court finds that no case or controversy exists.

## III.
## RECOMMENDATION

Accordingly, the undersigned HEREBY RECOMMENDS that Respondent's motion to dismiss (ECF No. 6) be GRANTED and the petition for writ of habeas corpus be DISMISSED as moot.

1     This Findings and Recommendation is submitted to the assigned United States District
2  Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local
3  Rules of Practice for the United States District Court, Eastern District of California. Within
4  **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file
5  written objections with the court and serve a copy on all parties. Such a document should be
6  captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the
7  objections shall be served and filed within fourteen (14) days after service of the objections. The
8  assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. §
9  636(b)(1)(C). The parties are advised that failure to file objections within the specified time may
10 waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839
11 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **November 26, 2019**

UNITED STATES MAGISTRATE JUDGE

3